David D. Park, OSB #803358
ELLIOTT & PARK, P.C.
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
Telephone:     (503) 227-1690
Facsimile:     (503) 274-8384
E-mail:  dave@elliott-park.com

Brian J. Millington, OSB #064428
Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.
1011 Harlow Road, Suite 300
Springfield, OR 97477
Telephone:     (541) 747-3354
Telefax:       (541) 747-3367
E-mail: bmillington@thorp-purdy.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ESTATE OF STACY W. KENNY, fka PATRICK W. KENNY, by and through Barbara H. Kenny, Personal Representative, BARBARA H. KENNY and CHRISTOPHER KENNY,<br><br>                    Plaintiffs,<br><br>        v.<br><br>KRAIG AKINS, RICHARD A. "R.A." LEWIS, ROBERT ROSALES, ROBERT CONRAD, RICHARD L. LEWIS  and CITY OF SPRINGFIELD,<br><br>                    Defendants. | Case No.   6:19-cv-01519<br><br>**COMPLAINT**<br>**Civil Rights Violations - 4th Amendment Excessive Deadly Force; State Law Claims for Wrongful Death**<br><br>**DEMAND FOR JURY TRIAL** |

**1 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

Plaintiffs, by and through their attorneys David D. Park and Brian J. Millington, allege as follows:

## I.
## CORE FACTS

1.1    On March 31, 2019 at approximately 8:52:56 p.m., Springfield Police Officer Kraig Akins executed a traffic stop in the 3200 block of Olympic Street on a 2018 Nissan Leaf operated by Stacy W. ("Patrick") Kenny for a minor traffic infraction.

1.2    Patrick Kenny had schizophrenia and exhibited abnormal and odd behavior both before and after he was stopped.

1.3    In reaction to Patrick Kenny's odd behavior, defendant Akins, together with defendants Lewis, Rosales and Conrad, escalated the contact into an unsuccessful attempt to forcibly extract Patrick Kenny from his vehicle by breaking and attempting to pull him through his driver's door window.

1.4    At approximately 8:56:07 p.m. defendant Akins, joined by Springfield Police Sgt. Richard "R.A." Lewis and Springfield Officers Robert Rosales and Robert Conrad, broke out the driver and passenger windows of Patrick Kenny's vehicle, grabbed Mr. Kenny by his hair, clothing and arms, struck Mr. Kenny multiple times in the head and face with fists and shot Mr. Kenny with Tasers in his abdomen, groin and the left side of his back.

1.5    At approximately 8:56:47 p.m., defendant Sgt. Lewis entered Patrick Kenny's vehicle through the front passenger side door.

1.6    At approximately 8:57:02 p.m., and during the course of an unremitting, escalating

**2 -**   **COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

physical assault, Patrick Kenny placed his vehicle in gear and accelerated with Sgt. Lewis still inside his vehicle.

1.7    At approximately 8:57:16 p.m., defendant Sgt. Lewis fired six rounds at Patrick Kenny, three of which struck him in the upper torso and two of which struck him in the head, killing him.

## II.
## JURISDICTION AND VENUE

2.1    Plaintiffs bring this action for damages against defendants pursuant to 42 U.S.C. §1983 for violation of Patrick Kenny's rights under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of his person by the use of excessive force. This court has jurisdiction over plaintiffs' claims against these defendants pursuant to 28 U.S.C. §§ 1331 and 1343.

2.2    Plaintiffs bring this action for damages under state law against defendants for the wrongful death of Patrick Kenny resulting from defendants' acts of battery and negligence.  The court has jurisdiction over plaintiffs' pendent state law claims under 28 U.S.C. § 1367(a).

2.3    Venue is proper under 28 U.S.C. § 1391(b), in that the claims and events giving rise to this action occurred in Lane County, Oregon.

## III.
## PARTIES

3.1    Barbara Kenny is a citizen and resident of the State of Oregon and the United States, is the mother of Patrick Kenny and is the duly appointed Personal Representative of the Estate of Stacy W. Kenny, formerly known as Patrick W. Kenny (the "Estate"), Lane County Circuit Court, Probate

**3 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

Case No. 19PB02555.

3.2     Christopher Kenny is a citizen and resident of the State of Oregon and the United States and is the father of Patrick Kenny.

3.3     Defendant Kraig Akins is an individual resident of the state of Oregon.  At all times material Akins was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant Akins is sued in his individual capacity.

3.4     Defendant Richard A. "R.A." Lewis is an individual resident of the state of Oregon. At all times material Lewis was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant R.A. Lewis is sued in his individual capacity.

3.5     Defendant Robert Rosales is an individual resident of the state of Oregon.  At all times material Rosales was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant Rosales is sued in his individual capacity.

3.6     Defendant Robert Conrad is an individual resident of the state of Oregon.  At all times material Conrad was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant Conrad is sued in his individual capacity.

3.7     Defendant Richard L. "Rick" Lewis is an individual resident of the state of Oregon. At all times material defendant Rick Lewis was employed by the City of Springfield as its Chief of

**4 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

Police, was acting under color of law and within the course and scope of his employment. Defendant Rick Lewis is sued in his official capacity.

3.8     Defendant City of Springfield is a duly organized municipal corporation under Oregon law, Chapters 221-225, and a public body liable for tortious conduct of its agents and employees pursuant to ORS 30.260(4) and ORS 30.265(1).

## IV.
## ADDITIONAL FACTS COMMON TO ALL CLAIMS

4.1     At all times material Patrick Kenny's unmedicated schizophrenia lowered his threshold for mental agitation and confusion and increased the risk of a highly adrenalized flight or fight response to fear inducing stimuli.

4.2     On June 22, 2018, plaintiffs Barbara and Christopher Kenny met with Michael Massey, a sworn officer and employee of the Springfield Police Department, and informed defendant City of Springfield that their son Patrick had schizophrenia, had been off his medication for approximately six to eight weeks, that he was engaging in odd behavior, that he was not hostile, that neither he nor any family member possessed firearms and that they were alerting law enforcement so that law enforcement would have situational awareness and react appropriately, were they to encounter Patrick.

4.3     Upon information and belief, as a result of plaintiffs Barbara and Christopher Kenny's meeting with representatives of the Springfield Police Department, on March 31, 2019 and at all times material, Patrick Kenny was "flagged" within the Springfield Police Department persons database as a "Suspicious Subject" for purposes of situational awareness of Springfield police officers

**5 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

who might come into contact with him.

4.4    Prior to initiating a traffic stop, Officer Akins observed Patrick Kenny driving westbound on Olympic and turned westbound onto Olympic from 35th to follow behind Mr. Kenny's vehicle. Immediately after defendant Akins turned behind Mr. Kenny on Olympic, Mr. Kenny activated his right turn indicator and pulled to a stop in the bike lane near the intersection of 32nd and Olympic.

4.5    Approximately two minutes prior to observing Patrick Kenny traveling westbound on Olympic, defendant Akins had observed Mr. Kenny driving westbound on Main Street and had run a records check on the license plate of Mr. Kenny's vehicle.

4.6    Defendant Akins believed Patrick Kenny's decision to stop and manner of stop were "weird", stopped his patrol vehicle behind Mr. Kenny's vehicle, activated his overhead lights and exited his patrol car, but did not approach.

4.7    After standing outside his patrol car for approximately 30 seconds, defendant Akins observed Patrick Kenny slowly roll down the driver's window, toss a small grey sound-making device towards him, wait a few more seconds, make a u-turn on Olympic to head eastbound and drive away at the posted speed limit.

4.8    Defendant Akins requested back up, returned to his car, followed Patrick Kenny with his overhead lights and siren activated and Mr. Kenny pulled to a stop a second time in the 3400 block of Olympic.

4.9    Defendant Akins exited his vehicle, drew his firearm and yelled at Patrick Kenny to put his hands out of the window. He observed Mr. Kenny roll down his window and heard him yell,

**6 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

"What did I do wrong?"  Defendant Akins continued to yell orders at Mr. Kenny to put his hands out of the window without answering Mr. Kenny's question.  He then observed and heard Mr. Kenny sound an air horn, roll his window back up and drive east on Olympic at or below the posted speed limit.

4.10    Defendant Akins returned to his car, followed behind Patrick Kenny with lights and siren activated and observed Mr. Kenny pull over to the curb and stop a third time in the 3600 block of Olympic as defendant Lewis arrived in his marked police vehicle and stopped a few feet in front of and facing Mr. Kenny's vehicle, blocking it.  Defendant Akins stopped his patrol vehicle immediately behind Mr. Kenny's vehicle, blocking it from the rear.

4.11    Defendant R.A. Lewis immediately exited his vehicle, drew his firearm and approached the passenger side of Patrick Kenny's vehicle.  As he did so, dispatch announced via radio to all defendants that Mr. Kenny was on the phone with a dispatch operator.  Defendant R.A. Lewis observed Mr. Kenny talking on his cell phone and observed that Mr. Kenny was the only person in the vehicle.  Simultaneously, defendant Akins approached the driver's side window of Mr. Kenny's vehicle, directed defendant Lewis to "smash out the windows" and immediately commenced breaking out the driver's window.

4.12    Prior to the use and application of force against Patrick Kenny, defendants Akins and Lewis knew or should have known they were dealing with a mentally or emotionally impaired person and also knew or should have known that Mr. Kenny did not present an immediate threat of harm to them or to the public.

4.13    Neither defendant Akins nor defendant Lewis warned Patrick Kenny that they were

**7 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

going to break out the windows of his vehicle and forcibly extract him from his vehicle, even though it was practicable for them to do so.

4.14    At all times material defendant R.A. Lewis as the ranking officer on scene, watch commander on this particular shift and the Crisis Intervention Training Coordinator for defendant Springfield, had the obligation to take control of the contact with Kenny and intervene in and countermand defendant Akins's decision to forcibly extract Patrick Kenny from his vehicle.

4.15    At all times material there existed less intrusive means of investigating and charging Patrick Kenny with a minor offense including, but not limited to, awaiting the arrival of all responding back up before initiating contact with Mr. Kenny, gathering additional and readily available information concerning Mr. Kenny through communications with dispatch, communicating with Mr. Kenny in a calm and non-threatening manner in person or through the known telephone connection between Mr. Kenny and dispatch or allowing Mr. Kenny to leave and contacting him at a future date.

4.16    At all times material, Patrick Kenny was wearing his seatbelt and such fact was observed by and known to defendants.

4.17    After defendant Akins smashed the driver's window he immediately attempted to pull Patrick Kenny from his vehicle by his hair and, realizing he was unable to do so, punched him 7 to 13 times in the face.

4.18    Upon information and belief, defendant Akins received a "brawler's fracture" of his dominant left hand as a result of the multiple times he struck Patrick Kenny's face with his fist.

4.19    While defendant Akins was punching Patrick Kenny, defendant Rosales arrived at the

**8 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

driver's window, grabbed Patrick Kenny by the hair and attempted to pull Mr. Kenny from the vehicle.  Realizing he was unable to do so, defendant Rosales struck Mr. Kenny with his fists until defendant Conrad arrived.

4.20    Defendant Conrad joined defendants Akins and Rosales at the driver's window, grabbed an arm of Patrick Kenny's and attempted to pull him out of his vehicle, but instead pulled Mr. Kenny's sweatshirt off.

4.21    Defendant Lewis broke the passenger window of Patrick Kenny's vehicle, unlocked the door and entered the vehicle.

4.22    Defendants Akins and Conrad both fired their Tasers at close range into Patrick Kenny.

4.23    Neither defendant Akins nor defendant Conrad warned Patrick Kenny of their intention to fire their Tasers nor otherwise provided him with an opportunity to submit before doing so.

4.24    After defendants Akins and Conrad fired Tasers into Patrick Kenny, defendants repeatedly pulled the triggers of their Tasers without providing Mr. Kenny an opportunity to submit, administering continuous and highly painful electrical charges.

4.25    Upon information and belief and at all times material defendants City of Springfield and Chief Rick Lewis failed to train, and failed to maintain current and up to date training of, their police officers in the constitutional limits on the use of Tasers and other means and methods of application of intermediate force, including defendants Akins, R.A. Lewis, Rosales and Conrad.

4.26    Upon information and belief and at all times material defendants City of Springfield

**9 -   COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

and Chief Rick Lewis failed to institute, require and enforce proper and adequate training, supervision, policies and procedures mandating that officers receive no less than annual training and certification in the constitutional limits of the use of intermediate force.

4.27    By publicly available law enforcement training records none of the defendants had received Taser certification training since November 14, 2017 nor updated training in case law defining the constitutional limitations on the use of intermediate force.

4.28    The filing of this Complaint commences an action on plaintiff Estate's state law claims for the wrongful death of Patrick Kenny within the one-year notification period specified by the Oregon Tort Claims Act, ORS 30.275(2) and ORS 30.275(3)(c).

## V.
## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - Fourth Amendment Violation, Excessive Force)
### (Defendants Akins, Lewis, Rosales and Conrad)

5.1    Plaintiffs reallege the facts alleged in Sections I through IV, above.

5.2    At all times material Patrick Kenny had a protected liberty interest under the Fourth Amendment not to be subjected to an unreasonable seizure of his person through the application of unnecessary or excessive force.

5.3    At all times material defendants lacked knowledge of facts sufficient to support an objectively reasonable belief that Patrick Kenny posed an immediate threat of bodily harm to any person.

5.4    At all times material defendants lacked knowledge of facts sufficient to support an objectively reasonable belief that Patrick Kenny posed an immediate flight risk or would actively

**10 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

resist arrest.

5.5     At all times material defendants were in possession of facts that would cause a

reasonable law enforcement officer to believe that Patrick Kenny's unusual behavior was potentially

attributable to an emotional disturbance or mental illness.

5.6     At all times material it was feasible for defendants to warn Patrick Kenny that force

would be used to extract him from his vehicle before defendants broke the driver and passenger

windows of Mr. Kenny's vehicle and commenced using force against Mr. Kenny.

5.7     Defendants violated Patrick Kenny's Fourth Amendment rights by their use of

unnecessary and excessive force.

5.8     At all times material the law was clearly established in this Circuit that it was unlawful

to use an intermediate or greater quantum of force against a non-violent subject suspected of minor

non-violent offenses.

5.9     At all times material the law was clearly established in this Circuit that use of the Taser

in the dart mode constitutes the use of intermediate force.

5.10    Defendants' use of force against Patrick Kenny was without forewarning, provocative,

continuously escalating in severity and without pause to provide Mr. Kenny an opportunity to submit.

At all times material Mr. Kenny's resulting attempts to resist extraction from his vehicle and escape

defendants' unnecessary and excessive use of force (including, but not limited to, blowing an air horn,

turning and pulling away and fleeing) were foreseeable consequences of defendants' use of excessive

force.

5.11    As a direct and proximate result of defendants' violations of Patrick Kenny's Fourth

**11 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

Amendment rights, Mr. Kenny died, and his parents, as beneficiaries of his Estate, are entitled to recover non-economic damages for their loss of the society, companionship and services of their son in the amount of $10,000,000.00, or such other amount as the jury determines to be just and reasonable, and economic damages for the pecuniary loss to Mr. Kenny's estate in an amount to be proved at trial.

5.12    Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to recover their attorney fees and costs.

## VI.
## SECOND CLAIM FOR RELIEF
### (Monell Claim against Defendants City of Springfield and Richard L. Lewis in his official capacity)

6.1    Plaintiffs reallege the facts alleged in Sections I through IV, above.

6.2    Defendants City of Springfield and Chief Rick Lewis, acting as final policy maker for City of Springfield Police Department, violated Patrick Kenny's Fourth Amendment rights by adopting or engaging in a policy, custom or practice of failing to train and failure to maintain current and up to date training of their police officers in the constitutional limits on the use of intermediate force inclusive of the Taser.

6.3    Defendants' policies, customs and practices were instituted with deliberate indifference to the protected Fourth Amendment interests of Patrick Kenny and other similarly situated persons and such policies, customs, and practices were the moving force behind defendants Akins's, R.A. Lewis's, Rosales's and Conrad's use and application of excessive force against Patrick Kenny.

6.4    Upon information and belief, defendant Rick Lewis, following a complete review and

**12 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

with full knowledge of the facts and circumstances of defendants Akins's, R.A. Lewis's, Rosales's

and Conrad's conduct, ratified, condoned and approved of said defendants' conduct.

6.5     As a direct and proximate result of defendants' violations of Patrick Kenny's Fourth

Amendment rights, Mr. Kenny died, and his parents, as beneficiaries of his Estate, are entitled to

recover non-economic damages for their loss of the society, companionship and services of their son

in the amount of $10,000,000.00, or such other amount as the jury determines to be just and

reasonable, and economic damages for the pecuniary loss to Mr. Kenny's estate in an amount to be

proved at trial.

6.6     Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to recover their attorney fees and

costs.

## VII.
## THIRD CLAIM FOR RELIEF
### Violation of Fourteenth Amendment Rights to Familial Association (42 U.S.C. § 1983)
### By Plaintiffs Barbara and Christopher Kenny against All Defendants

7.1     Plaintiffs reallege the facts alleged in Sections I through IV, above.

7.2     Plaintiffs Barbara and Christopher Kenny possess Fourteenth Amendment liberty

interests in their familial association with their son, Patrick Kenny.

7.3     At all times material defendants Akins and Lewis had both time and practical

opportunity for calm deliberation before embarking on a course of action having the apparent

objective of extracting Patrick Kenny by force from his vehicle through the driver's window.

7.4     Defendant Akins, aided by defendants R.A. Lewis, Rosales and Conrad, proceeded

with their attempt to forcibly extract Kenny from his vehicle for the purpose of causing physical injury

**13 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

and harm to Patrick Kenny, or with such deliberate indifference to Mr. Kenny's Fourth Amendment rights not to be subjected to unnecessary and excessive force that their conduct shocks the conscience.

7.5    By and as a result of defendants' violations of the Fourth Amendment rights of Patrick Kenny, defendants violated and deprived plaintiffs Barbara and Christopher Kenny of their right of freedom of familial association with their son. Plaintiffs have suffered the loss of consortium and the loss of companionship and services of their son. As a direct consequence of the actions of defendants, plaintiffs have suffered damages as set forth herein:

  a.    Non-economic damages in the amount of $10,000,000.00.

  b.    Economic damages in an amount to be proven at trial.

7.6    Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to recover their attorney fees and costs.

## VIII.
## FOURTH CLAIM FOR RELIEF
### (Battery)
### (Against All Defendants except Chief Lewis)

8.1    Plaintiffs reallege the facts alleged in Sections I through IV, above.

8.2    Defendants intentionally caused harmful and offensive physical contact with the person of Patrick Kenny by striking him with fists, Tasers and the butt end of a knife under circumstances that rendered such intentional acts unnecessary, unreasonable and excessive.

8.3    As a direct and proximate result of defendants' foregoing acts of battery to Patrick Kenny, Mr. Kenny fled with defendant Lewis still inside his vehicle and was shot dead.

8.4    The Estate and the parents of Patrick Kenny have been damaged in the following

**14 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

particulars and are entitled to recover non-economic and economic damages for the following harms and losses:

a.      Just, fair and reasonable compensation for the physical and mental pain, suffering and distress sustained by Patrick Kenny between the time defendants commenced their use of force and his death in an amount to be proved at trial.

b.      Just, fair and reasonable compensation for the pecuniary loss to the Estate in an amount to be proved at trial.

c.      Just, fair and reasonable compensation for pecuniary loss and the loss of the society, companionship and services of Patrick Kenny sustained by his parents in an amount to be determined fair by a jury not to exceed $10,000,000.

## IX.
## FIFTH CLAIM FOR RELIEF
### (Negligence)
### (Against All Defendants)

9.1      Plaintiffs reallege the facts alleged in Sections I through IV, above.

9.2      At all times material it was reasonably foreseeable that attempted forcible extraction of Patrick Kenny from his vehicle without warning and in the absence of any immediate threat to the safety of the officers or the public would elicit a defensive panic response and thereby create a substantial risk of serious physical injury or death to Mr. Kenny.

9.3      Defendant City of Springfield, acting through its Chief of Police, was negligent in one or more of the following particulars, each of which was a substantial factor in causing the death of Patrick Kenny:

**15 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

a.    Failure to train to current constitutional limits of the use of force;

b.    Failure to train to manufacturer's current standards for the use of the Taser;

c.    Failure to train on the particular risks presented by electrical vehicles;

d.    Relieving patrol officers who join SWAT, including defendant Akins, from attending continuing education necessary to keep patrol officers current in patrol tactics including, but not limited to, the constitutional limits of the use of force, recognition of abnormal behaviors attributable to mental illness and de-escalation techniques; and

e.    Failure to adopt policy, training and procedures to ensure that a patrol officer running a records check on an individual or a license plate is informed of officer safety and situational awareness "alerts" associated with such individual.

9.4    Defendants Akins, Lewis, Rosales and Conrad were negligent in one or more of the following particulars, each of which was a substantial factor in causing the death of Patrick Kenny:

a.    Failing to communicate with Mr. Kenny at the final stop location before making the decision to forcibly extract him from his vehicle;

b.    Making the decision to forcibly extract Mr. Kenny from his vehicle without exploring available less intrusive means of conducting an investigation;

c.    Failure to warn Mr. Kenny that he would be forcibly removed from his vehicle and allow him a reasonable opportunity to comply with orders, answer questions and/or submit to arrest before commencing the attempt to forcibly extract him;

d.    Initiating and escalating the severity of force applied to Mr. Kenny without  providing him with a reasonable opportunity to submit and comply;

**16 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

e.      Failure to observe that Patrick Kenny's vehicle was an electric vehicle and/or failure of defendant Akins to communicate to defendant R.A. Lewis prior to his entry of the vehicle that Mr. Kenny's vehicle was an electric vehicle; and

f.      Entry by defendant R.A. Lewis of Mr. Kenny's vehicle when its operational capability was unfamiliar and unknown to defendant R.A. Lewis.

9.5     As a direct result of defendants' negligence, Patrick Kenny was shot dead.

9.6     The Estate and the parents of Patrick Kenny have been damaged in the following particulars and are entitled to recover non-economic and economic damages for the following harms and losses:

a.      Just, fair and reasonable compensation for the physical and mental pain, suffering and distress sustained by Patrick Kenny between the time defendants commenced their use of force and his death in an amount to be proved at trial.

b.      Just, fair and reasonable compensation for the pecuniary loss to the Estate in an amount to be proved at trial.

c.      Just, fair and reasonable compensation for pecuniary loss and the loss of the society, companionship and services of Patrick Kenny sustained by his parents in an amount to be determined fair by a jury not to exceed $10,000,000.00.

///

///

///

///

**17 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**WHEREFORE,** plaintiffs pray for judgment against defendants as follows:

1.     For compensatory noneconomic and economic damages.

2.     For plaintiffs' costs, interest, attorney fees and such other and further relief as the Court may deem just and equitable.

3.     Plaintiffs demand a jury trial for all matters triable of right to a jury.

DATED:        September 19, 2019.

s/ David D. Park

_____
David D. Park, OSB #803358
ELLIOTT & PARK, P.C.
E-mail: dave@elliott-park.com
Brian J. Millington, OSB #064428
Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.
E-mail: bmillington@thorp-purdy.com
          Attorneys for Plaintiffs

**18 -  COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384