David D. Park, OSB #803358
ELLIOTT & PARK, P.C.
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon 97239-4356
Telephone: (503) 227-1690
Facsimile: (503) 274-8384
E-mail: dave@elliott-park.com

Brian J. Millington, OSB #064428
Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.
1011 Harlow Road, Suite 300
Springfield, OR 97477
Telephone: (541) 747-3354
Telefax: (541) 747-3367
E-mail: bmillington@thorp-purdy.com

      Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| ESTATE OF STACY W. KENNY, fka PATRICK W. KENNY, by and through Barbara H. Kenny, Personal Representative, BARBARA H. KENNY and CHRISTOPHER KENNY,<br><br>         Plaintiffs,<br><br>   v.<br><br>KRAIG AKINS, RICHARD A. "R.A." LEWIS, ROBERT ROSALES, ROBERT CONRAD, RICHARD L. LEWIS and CITY OF SPRINGFIELD,<br><br>        Defendants. | Case No. 6:19-cv-01519-AA<br><br>**AMENDED COMPLAINT** [PROPOSED]<br>**Civil Rights Violations - 4th Amendment Excessive Deadly Force; State Law Claims for Wrongful Death**<br><br>**DEMAND FOR JURY TRIAL** |

**1 - AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon 97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 1 of 22**

Plaintiffs, by and through their attorneys David D. Park and Brian J. Millington, allege as follows:

# I.
## CORE FACTS

1.1    On March 31, 2019 at approximately 8:52:56 p.m., Springfield Police Officer Kraig Akins was following and stopped behind a 2018 Nissan Leaf operated by Stacy W. ("Patrick") Kenny in the 3200 block of Olympic Street after Kenny pulled into the bike lane and stopped.

1.2    Patrick Kenny had schizophrenia and exhibited abnormal and odd behavior during and after defendant Akins stopped behind him.

1.3    In reaction to Patrick Kenny's odd behavior defendant Akins escalated the contact into an unsuccessful effort to arrest Mr. Kenny by attempting to pull him through his driver's door window.

1.4    At approximately 8:56:07 p.m. defendant Akins, joined by Springfield Police Sgt. Richard "R.A." Lewis and Springfield Officers Robert Rosales and Robert Conrad, broke out the driver and passenger windows of Patrick Kenny's vehicle, grabbed Mr. Kenny by his hair, clothing and arms, struck Mr. Kenny multiple times in the head and face with fists and shot Mr. Kenny with Tasers in his abdomen, groin and the left side of his back.

1.5    At approximately 8:56:47 p.m., defendant Sgt. Lewis entered Patrick Kenny's vehicle through the front passenger side door.

1.6    At approximately 8:57:02 p.m., and during the course of an unremitting, escalating physical assault, Patrick Kenny placed his vehicle in gear and accelerated with Sgt. Lewis still inside

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 2 of 22**

his vehicle.

1.7    At approximately 8:57:16 p.m., defendant Sgt. Lewis fired six rounds at Patrick
Kenny, three of which struck him in the upper torso and two of which struck him in the head, killing
him.

## II.
## JURISDICTION AND VENUE

2.1    Plaintiffs bring this action for damages against defendants pursuant to 42 U.S.C.
§1983 for violation of Patrick Kenny's rights under the Fourth Amendment to the United States
Constitution to be free of unreasonable seizure of his person by the use of excessive force. This court
has jurisdiction over plaintiffs' claims against these defendants pursuant to 28 U.S.C. §§ 1331 and
1343.

2.2    Plaintiffs bring this action for damages under state law against defendants for the
wrongful death of Patrick Kenny resulting from defendants' acts of battery and negligence.  The court
has jurisdiction over plaintiffs' pendent state law claims under 28 U.S.C. § 1367(a).

2.3    Venue is proper under 28 U.S.C. § 1391(b), in that the claims and events giving rise to
this action occurred in Lane County, Oregon.

## III.
## PARTIES

3.1    Barbara Kenny is a citizen and resident of the State of Oregon and the United States, is
the mother of Patrick Kenny and is the duly appointed Personal Representative of the Estate of Stacy
W. Kenny, formerly known as Patrick W. Kenny (the "Estate"), Lane County Circuit Court, Probate
Case No. 19PB02555.

3 -   **AMENDED COMPLAINT AND DEMAND FOR
      JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 3 of 22**

3.2     Christopher Kenny is a citizen and resident of the State of Oregon and the United States and is the father of Patrick Kenny.

3.3     Defendant Kraig Akins is an individual resident of the State of Oregon.  At all times material Akins was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant Akins is sued in his individual capacity.

3.4     Defendant Richard A. "R.A." Lewis is an individual resident of the state of Oregon. At all times material R.A. Lewis was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant R.A. Lewis is sued in his individual capacity.

3.5     Defendant Robert Rosales is an individual resident of the State of Oregon.  At all times material Rosales was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant Rosales is sued in his individual capacity.

3.6     Defendant Robert Conrad is an individual resident of the State of Oregon.  At all times material Conrad was a police officer employed by defendant City of Springfield and was acting under color of law and within the course and scope of his employment.  Defendant Conrad is sued in his individual capacity.

3.7     Defendant Richard L. "Rick" Lewis is an individual resident of the State of Oregon. At all times material defendant Rick Lewis was employed by the City of Springfield as its Chief of Police, was acting under color of law and within the course and scope of his employment.  Defendant

**4 -    AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 4 of 22**

Rick Lewis is sued in his official capacity.

3.8    Defendant City of Springfield is a duly organized municipal corporation under Oregon law, Chapters 221-225, and a public body liable for tortious conduct of its agents and employees pursuant to ORS 30.260(4) and ORS 30.265(1).

## IV.
## ADDITIONAL FACTS COMMON TO ALL CLAIMS

4.1    At all times material Patrick Kenny's unmedicated schizophrenia lowered his threshold for mental agitation and confusion and increased the risk of a highly adrenalized flight or fight response to fear inducing stimuli.

4.2    On June 22, 2018, plaintiffs Barbara and Christopher Kenny met with Michael Massey, a sworn officer and employee of the Springfield Police Department, and informed defendant City of Springfield that their son Patrick had schizophrenia, had been off his medication for approximately six to eight weeks, that he was engaging in odd behavior, that he was not hostile, that neither he nor any family member possessed firearms and that they were alerting law enforcement so that law enforcement would have situational awareness and react appropriately, were they to encounter Patrick.

4.3    As a result of plaintiffs Barbara and Christopher Kenny's meeting with representatives of the Springfield Police Department, on March 31, 2019 and at all times material, an "alert" was placed in the Springfield Police Department persons database identifying Patrick Kenny as having schizophrenia to provide situational awareness to Springfield police officers who might come into contact with him.

5 -   **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 5 of 22**

4.4     Prior to initiating a traffic stop, Officer Akins observed Patrick Kenny driving westbound on Olympic and turned westbound onto Olympic from 35th to follow behind Mr. Kenny's vehicle.  Immediately after defendant Akins turned behind Mr. Kenny on Olympic, Mr. Kenny activated his right turn indicator and pulled to a stop in the bike lane near the intersection of 32nd and Olympic.

4.5     Approximately two minutes prior to observing Patrick Kenny traveling westbound on Olympic, defendant Akins had observed Mr. Kenny driving westbound on Main Street and had run a records check on the license plate of Mr. Kenny's vehicle.

4.6     Defendant Akins believed Patrick Kenny's decision to stop and manner of stop were "weird", stopped his patrol vehicle behind Mr. Kenny's vehicle, activated his overhead lights and exited his patrol car, but did not speak to Mr. Kenny, nor approach.

4.7     After standing outside his patrol car for approximately 30 seconds, defendant Akins observed Patrick Kenny slowly roll down the driver's window, toss a small grey sound-making device towards him, wait a few more seconds, make a u-turn on Olympic to head eastbound and drive away at the posted speed limit.

4.8     Defendant Akins requested back up, returned to his car, followed Patrick Kenny with his overhead lights and siren activated and Mr. Kenny pulled to a stop a second time in the 3400 block of Olympic.

4.9     Defendant Akins exited his vehicle, drew his firearm and yelled at Patrick Kenny to put his hands out of the window.  He observed Mr. Kenny roll down his window and heard him yell, "What did I do wrong?"  Defendant Akins continued to yell orders at Mr. Kenny to put his hands out

**6 -    AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 6 of 22**

of the window without answering Mr. Kenny's question. He then observed and heard Mr. Kenny sound an air horn, roll his window back up and drive east on Olympic at or below the posted speed limit.

4.10    Defendant Akins returned to his car, followed behind Patrick Kenny with lights and siren activated and observed Mr. Kenny pull over to the curb and stop a third time in the 3600 block of Olympic. As he did so, defendant R.A. Lewis, who had stopped west of Mr. Kenny on Olympic to observe, then drove his marked police vehicle eastbound and stopped a few feet in front of and facing Mr. Kenny's vehicle, blocking it. Defendant Akins stopped his patrol vehicle immediately behind Mr. Kenny's vehicle, blocking it from the rear.

4.11    Defendant R.A. Lewis immediately exited his vehicle, drew his firearm and approached the passenger side of Patrick Kenny's vehicle. As he did so, dispatch announced via radio to all defendants that Mr. Kenny was on the phone with a 9-1-1 operator. Defendant R.A. Lewis observed Mr. Kenny talking on his cell phone and observed that Mr. Kenny was unarmed and the only person in the vehicle. Simultaneously, defendant Akins approached the driver's side window of Mr. Kenny's vehicle, directed defendant R.A. Lewis to "smash out the windows" and immediately commenced breaking out Mr. Kenny's driver's window.

4.12    Prior to the use and application of force against Patrick Kenny, defendants Akins and R.A. Lewis knew or should have known they were dealing with a mentally or emotionally impaired person and also knew or should have known that Mr. Kenny did not present an immediate threat of harm to them or to the public.

4.13    At no time prior to defendants' commencement of breaking Mr. Kenny's windows and

**7 -    AMENDED COMPLAINT AND DEMAND FOR
        JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1
Page 7 of 22**

use of force did defendants Akins or R.A. Lewis inform Mr. Kenny that he was under arrest, order him to roll down his window or open his door, or warn him that they were going to break out the windows of his vehicle and use force to remove him from his vehicle and arrest him even though it was feasible and practical for them to do so.

4.14    At all times material defendant R.A. Lewis as the ranking officer on scene, watch commander on this particular shift and the Crisis Intervention Training Coordinator for defendant Springfield, had the obligation to intervene in and countermand defendant Akins's decision to use force to remove Patrick Kenny from his vehicle.

4.15    At all times material there existed less intrusive means of investigating and charging Patrick Kenny with a minor offense including, but not limited to, awaiting the arrival of all responding back up before initiating contact with Mr. Kenny, gathering additional and readily available information concerning Mr. Kenny through communications with dispatch, communicating with Mr. Kenny in a calm and non-threatening manner in person or through the known telephone connection between Mr. Kenny and 9-1-1, or allowing Mr. Kenny to leave and contacting him at a future date.

4.16    At all times material, Patrick Kenny was wearing his seatbelt and such fact was observed by and known to defendants.

4.17    After defendant Akins smashed the driver's window he immediately attempted to pull Patrick Kenny from his vehicle by his hair and, realizing he was unable to do so, punched him 7 to 13 times in the face.

4.18    Defendant Akins received a "brawler's fracture" of his dominant left hand as a result

**8 -    AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 8 of 22**

of the multiple times he struck Patrick Kenny's face with his fist.

4.19    While defendant Akins was punching Patrick Kenny, defendant Rosales arrived at the driver's window, grabbed Patrick Kenny by the hair and attempted to pull Mr. Kenny from the vehicle.  Realizing he was unable to do so, defendant Rosales struck Mr. Kenny with his fists until defendant Conrad arrived.

4.20    Defendant Conrad joined defendants Akins and Rosales at the driver's window, grabbed an arm of Patrick Kenny's and attempted to pull him out of his vehicle, but instead pulled Mr. Kenny's sweatshirt off.

4.21    Defendant R.A. Lewis broke the passenger window of Patrick Kenny's vehicle, unlocked the door and entered the vehicle.

4.22    Defendants Akins and Conrad both fired their Tasers at close range into Patrick Kenny.

4.23    Neither defendant Akins nor defendant Conrad warned Patrick Kenny of their intention to fire their Tasers nor otherwise provided him with an opportunity to submit before doing so.

4.24    After defendants Akins and Conrad fired Tasers into Patrick Kenny, defendants repeatedly pulled the triggers of their Tasers without providing Mr. Kenny an opportunity to submit, administering continuous and highly painful electrical charges.

4.25    After entering Mr. Kenny's vehicle, defendant RA Lewis punched Mr. Kenny three or more times in the face.

4.26    The filing of this Complaint commences an action on plaintiff Estate's state law

**9 -    AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 9 of 22**

claims for the wrongful death of Patrick Kenny within the one-year notification period specified by the Oregon Tort Claims Act, ORS 30.275(2) and ORS 30.275(3)(c).

## V.
## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - Fourth Amendment Violation, Excessive Force)
### (Defendants Akins, R.A. Lewis, Rosales and Conrad)

5.1     Plaintiffs reallege the facts alleged in Sections I through IV, above.

5.2     At all times material Patrick Kenny had a protected liberty interest under the Fourth Amendment not to be subjected to an unreasonable seizure of his person through the application of unnecessary or excessive force.

5.3     At all times material defendants lacked knowledge of facts sufficient to support an objectively reasonable belief that Patrick Kenny posed an immediate threat of bodily harm to any person.

5.4     At all times material defendants lacked knowledge of facts sufficient to support an objectively reasonable belief that Patrick Kenny posed an immediate flight risk or would actively resist arrest.

5.5     At all times material defendants were in possession of facts that would cause a reasonable law enforcement officer to believe that Patrick Kenny's unusual behavior was potentially attributable to an emotional disturbance or mental illness.

5.6     At all times material it was feasible for defendants to warn Patrick Kenny that force would be used to extract him from his vehicle before defendants broke the driver and passenger windows of Mr. Kenny's vehicle and commenced using force against Mr. Kenny.

10 -  **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 10 of 22**

5.7     Defendants violated Patrick Kenny's Fourth Amendment rights by their use of unnecessary and excessive force.

5.8     At all times material the law was clearly established in this Circuit that it was unlawful to use an intermediate or greater quantum of force against a non-violent subject suspected of minor non-violent offenses.

5.9     At all times material the law was clearly established in this Circuit that use of the Taser in the dart mode constitutes the use of intermediate force.

5.10    Defendants' use of force against Patrick Kenny was without forewarning, provocative, continuously escalating in severity and without pause to provide Mr. Kenny an opportunity to submit. At all times material Mr. Kenny's resulting attempts to resist extraction from his vehicle and escape defendants' unnecessary and excessive use of force (including, but not limited to, blowing an air horn, turning and pulling away and fleeing) were foreseeable consequences of defendants' use of excessive force.

5.11    As a direct and proximate result of defendants' violations of Patrick Kenny's Fourth Amendment rights, Mr. Kenny died, and his parents, as beneficiaries of his Estate, are entitled to recover non-economic damages for their loss of the society, companionship and services of their son in the amount of $10,000,000.00, or such other amount as the jury determines to be just and reasonable, and economic damages for the pecuniary loss to Mr. Kenny's estate in an amount to be proved at trial.

5.12    Defendants, and each of them, acted willfully, deliberately, maliciously or with reckless disregard of whether his actions would violate the constitutional rights of Patrick Kenny.

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

EXHIBIT 1
Page 11 of 22

Plaintiffs are entitled to punitive damages.

5.13    Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to recover their attorney fees and costs.

## VI.
## SECOND CLAIM FOR RELIEF
### (Monell Claim against Defendants City of Springfield and
### Richard L. Lewis in his official capacity)

6.1    Plaintiffs reallege the facts alleged in Sections I through V, above.

6.2    On April 18, 2019, Defendant Chief Lewis empaneled a Use of Force Review Board ("Board") to conduct an internal administrative review of defendants Akins', R.A. Lewis', Rosales' and Conrad's uses of force against Mr. Kenny, charging the Board, as follows:

> Lt. Boring, per General Order 1.5.1 you will chair a use of force board to determine findings of fact as to the circumstances surrounding the incident where Sgt. RA Lewis utilized deadly physical force on March 31,2019. The board shall consider the reasonableness of all the officers' actions regarding the entire event from the initial contact to the conclusion of the incident.
>
> *        *        *        *        *
>
> The Board will make a written recommendation to me upon their final conclusion as to whether the use of force was within policy plus any training recommendations they deem appropriate. Board members will be supplied with the IDFIT team reports, videos and audio and have the authority to call witnesses before the board if needed.

6.3    None of the Board members selected by Chief Lewis were trained in how to conduct an administrative use of force review and at least one member was known by the Chief to have been selected by defendant R.A. Lewis to be his advocate on the Board.  The Board was not provided with standards and guidelines for the review and was excused from making "findings of fact as to the circumstances surrounding the use of force" required by defendant City's written Use of Force Policy, General Order 1.5.1.  In conducting its administrative review, the Board interviewed no witnesses, conducted no independent investigation and relied exclusively on the case book assembled by the

**12 -  AMENDED COMPLAINT AND DEMAND FOR
          JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 12 of 22**

Interagency Deadly Force Investigation Team (IDFIT).

6.4     At all times material, Chief Lewis knew that the IDFIT investigators did not gather evidence relevant to the determinations whether Defendants Akins, R.A. Lewis, Rosales and Conrad followed Defendant City's policies, violated Mr. Kenny's constitutional rights, or exercised competent tactical decision making and judgment consistent with their training.

6.5     On June 13, 2019 the Board submitted a one-page Memorandum to Chief Lewis, setting forth its recommendation, in relevant part, as follows:

> The Board finds that the actions of Sergeant Lewis on March 31, 2019 have been found to be consistent with Springfield Police use of force policy 1.5.1 and ORS 161.239 governing the use of deadly force in making an arrest.

6.6     On June 19, 2019, Chief Lewis adopted the recommendation of the Board:

> Sgt. Lewis, the administrative investigation of the shooting incident you were involved in on March 31,2019 is complete. The investigation included a review of the Inter Agency Deadly Force Investigation Team's report and the findings by the Department's Use of Force Board per General Order 1.5.1 Section 10. Additionally, Lane County District Attorney Patty Perlow ruled that your use of deadly physical force was justified.

> I find that your use of deadly physical force on March 31,2019 was appropriate and justified per Springfield Police Department Policy. Your actions are also deemed to be in accordance with Oregon law. Therefore, you are cleared to return to full duty pending release by your doctor for the injuries you sustained during this incident.

6.7     Between October, 1999 and March 31, 2019, Defendant City's officers were involved in 15 deadly force events, inclusive of the death of Patrick Kenny.  In each case, Defendant City, acting through a Use of Force Review Board appointed by the Chief of Police, conducted administrative reviews relying exclusively on evidence collected in connection with the criminal investigation conducted on behalf of the District Attorney.  Defendant City provides no training to Board members in how to conduct administrative reviews of deadly force incidents.  No

**13 - AMENDED COMPLAINT AND DEMAND FOR**
   **JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 13 of 22**

administrative review has examined the pre-shooting tactical decision making to assess whether tactical deficiencies or disregard of officer safety training placed the officer in the situation in which deadly force was used. No Springfield police officer has been disciplined for using deadly force nor for disregard of training or other incompetence precipitating the use of deadly force. In every case the officer's actions were found to be within law and policy.

6.8     At least since October 6, 2014, defendant City has had actual knowledge that its officers were not being disciplined, reprimanded nor punished for unconstitutional uses of deadly force due to the City's maintenance of an administrative review process that fails to properly investigate use of deadly force events.

6.9     On June 26, 2005, Springfield Officer Ethan Spencer shot and killed an unarmed 15 year old. Upon information and belief, previous to this shooting two Springfield officers reported to Springfield Sgt. John Umenhofer concerns that Officer Spencer seemed fixated on killing someone and was mentally unstable. Sgt. Umenhofer brought these concerns to the attention of then Captain Richard L. Lewis. Captain Lewis took no action.

6.10    On July 13, 2005, Captain Richard L. Lewis chaired the administrative Use of Force Review Board that conducted the administrative review of Officer Spencer's use of deadly force. The Board's two-page recommendation to then Chief Jerry Smith makes no reference to the earlier reports of Officer Spencer's mental instability. The Board did not examine whether Officer Spencer's pre-shooting tactical decision making – disregard of training in vehicle pursuit, high risk stop and officer safety procedures that were apparent on the face of the Board's factual summary of the event – was consistent with SPD policy, training and expectations. The Board's conclusion that Officer Spencer's

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 14 of 22**

actions were consistent with the law and Springfield use of force policy was adopted by Chief Smith.

6.11    On October 6, 2014, John S. Umenhofer filed a lawsuit against defendant City which alleged defendant City's longstanding pattern and practice of acquiescing in officer misconduct up to and including unlawful use of deadly force in connection with the Ethan Spencer shooting.

6.12    At least since 2013, Defendant City has collected data about its department's use of force in a records management system which can be queried to produce officer specific printouts of use of force events.  Defendant does not analyze use of force data, track use of force events by individual officer, track use of force events by injury to citizens, track use of force events by injury to officers nor otherwise use such data to identify organizational needs for improvement, supervision, training and discipline.

6.13    In April of 2017, Defendant Akins reported to Defendant City that he broke his left hand (a brawler's fracture) punching a suspect in the face who had run from him "to gain compliance."  Upon information and belief, this use of force was unnecessary and inconsistent with training.  Defendant Akins received no counseling nor discipline as a consequence of this use of force.

6.14    From January 1, 2016 to December 31, 2018, defendant City employed an average of 46 patrol officers.  In each of calendar years 2016, 2017 and 2018 the same six Springfield police officers accounted for 32% of all use of force events.  The number of each of said officers' uses of force in each year was 3 to 5 times the median number of force events.   Defendant Akins was one of the six officers.

6.15    From January 1, 2016 through December 31, 2018, every reported use of non-deadly force was approved by the responsible watch commander or patrol sergeant.

**15 -  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 15 of 22**

6.16    Defendants City of Springfield and Chief Richard L. Lewis, acting as final policy maker for City of Springfield Police Department, violated Patrick Kenny's Fourth Amendment rights by adopting or engaging in the longstanding *de facto* policies or customs of inadequate administrative investigation and review of shootings by SPD officers and failure to hold officers accountable for unreasonable uses of deadly and non deadly force by supervision and discipline.  These policies or customs have fostered a culture of tolerance for unreasonable use of force.

6.17    Defendant City's policies, customs and practices were instituted with deliberate indifference to the protected Fourth Amendment interests of Patrick Kenny and other similarly situated persons.  Defendant City's policies, customs and practices permit, encourage and ratify recurrent unauthorized and unreasonable use of force and were the moving force behind defendants' use and application of excessive force against Patrick Kenny.

6.18    Defendant Chief Rick L. Lewis, following a complete review and with full knowledge of the facts and circumstances of defendants Akins's, R.A. Lewis's, Rosales's and Conrad's conduct, ratified, condoned and approved of said defendants' conduct.

6.19    As a direct and proximate result of defendants' violations of Patrick Kenny's Fourth Amendment rights, Mr. Kenny died, and his parents, as beneficiaries of his Estate, are entitled to recover non-economic damages for their loss of the society, companionship and services of their son in the amount of $10,000,000.00, or such other amount as the jury determines to be just and reasonable, and economic damages for the pecuniary loss to Mr. Kenny's estate in an amount to be proved at trial.

6.20    Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to recover their attorney fees and

**16 -  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 16 of 22**

costs.

## VII.
## THIRD CLAIM FOR RELIEF
### Violation of Fourteenth Amendment Rights to Familial Association (42 U.S.C. § 1983)
### By Plaintiffs Barbara and Christopher Kenny against All Defendants

7.1     Plaintiffs reallege the facts alleged in Sections I through VI, above.

7.2     Plaintiffs Barbara and Christopher Kenny possess Fourteenth Amendment liberty interests in their familial association with their son, Patrick Kenny.

7.3     At all times material defendants Akins and R.A. Lewis had both time and practical opportunity for calm deliberation before making the decision to use force to remove Patrick Kenny from his vehicle.

7.4     Defendant Akins, aided by defendants R.A. Lewis, Rosales and Conrad, proceeded with their attempt to forcibly extract Kenny from his vehicle for the purpose of causing physical injury and harm to Patrick Kenny, or with such deliberate indifference to Mr. Kenny's Fourth Amendment rights not to be subjected to unnecessary and excessive force that their conduct shocks the conscience.

7.5     By and as a result of defendants' violations of the Fourth Amendment rights of Patrick Kenny, defendants violated and deprived plaintiffs Barbara and Christopher Kenny of their right of freedom of familial association with their son. Plaintiffs have suffered the loss of consortium and the loss of companionship and services of their son. As a direct consequence of the actions of defendants, plaintiffs have suffered damages as set forth herein:

a.      Non-economic damages in the amount of $10,000,000.00.

b.      Economic damages in an amount to be proven at trial.

**17 -  AMENDED COMPLAINT AND DEMAND FOR
        JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 17 of 22**

7.6    Defendants Akins, R.A. Lewis, Rosales, Conrad, and each of them, acted willfully, deliberately, maliciously or with reckless disregard of whether his actions would violate the constitutional rights of plaintiffs Barbara and Christopher Kenny.  Plaintiffs are entitled to punitive damages.

7.7    Pursuant to 42 U.S.C. § 1988, plaintiffs are entitled to recover their attorney fees and costs.

### VIII.
### FOURTH CLAIM FOR RELIEF
### (Battery)
### (Against All Defendants except Chief Lewis)

8.1    Plaintiffs reallege the facts alleged in Sections I through IV, above.

8.2    Defendants intentionally caused harmful and offensive physical contact with the person of Patrick Kenny by striking him with fists, Tasers and the butt end of a knife under circumstances that rendered such intentional acts unnecessary, unreasonable and excessive.

8.3    As a direct and proximate result of defendants' foregoing acts of battery to Patrick Kenny, Mr. Kenny fled with defendant R.A. Lewis still inside his vehicle and was shot dead.

8.4    The Estate and the parents of Patrick Kenny have been damaged in the following particulars and are entitled to recover non-economic and economic damages for the following harms and losses:

a.    Just, fair and reasonable compensation for the physical and mental pain, suffering and distress sustained by Patrick Kenny between the time defendants commenced their use of force and his death in an amount to be proved at trial.

**18 -  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 18 of 22**

b.    Just, fair and reasonable compensation for the pecuniary loss to the Estate in an amount to be proved at trial.

c.    Just, fair and reasonable compensation for pecuniary loss and the loss of the society, companionship and services of Patrick Kenny sustained by his parents in an amount to be determined fair by a jury not to exceed $10,000,000.

**IX.**
**FIFTH CLAIM FOR RELIEF**
**(Negligence)**
**(Against All Defendants)**

9.1    Plaintiffs reallege the facts alleged in Sections I through IV, above.

9.2    At all times material it was reasonably foreseeable that attempted forcible extraction of Patrick Kenny from his vehicle without warning and in the absence of any immediate threat to the safety of the officers or the public would elicit a defensive panic response and thereby create a substantial risk of serious physical injury or death to Mr. Kenny.

9.3    Defendant City of Springfield, acting through its Chief of Police, was negligent in one or more of the following particulars, each of which was a substantial factor in causing the death of Patrick Kenny:

a.    Failure to supervise and discipline defendant Akins when defendant City knew or should have known that defendant Akins had a demonstrated pattern of using unreasonable force including, but not limited to, using closed fist strikes to the face and head as a "compliance" technique.

b.    Failure to supervise and discipline Springfield supervisors, including R.A. Lewis, to

**19 -  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 19 of 22**

ensure that supervisors are conducting adequate reviews of use of force incidents and holding patrol officers accountable for use of force contrary to law and defendant City's use of force policy.

c.      Maintenance of an inadequate administrative investigation and review process for use of deadly and non-deadly force events.

d.      Maintenance of a culture of cronyism, nepotism and corruption in which unreasonable uses of force are tolerated.

9.4     Defendants Akins, R.A. Lewis, Rosales and Conrad were negligent in one or more of the following particulars, each of which was a substantial factor in causing the death of Patrick Kenny:

a.      Failing to communicate with Mr. Kenny at the final stop location before making the decision to forcibly extract him from his vehicle;

b.      Making the decision to forcibly extract Mr. Kenny from his vehicle without exploring available less intrusive means of conducting an investigation and/or making an arrest;

c.      Failure to warn Mr. Kenny that he would be forcibly removed from his vehicle and allow him a reasonable opportunity to comply with orders, answer questions and/or submit to arrest before commencing use of force to remove him from his vehicle;

d.      Initiating and escalating the severity of force applied to Mr. Kenny without  providing him with a reasonable opportunity to submit and comply;

e.      Failure to observe that Patrick Kenny's vehicle was an electric vehicle and/or failure of defendant Akins to communicate to defendant R.A. Lewis prior to his entry of the vehicle that Mr. Kenny's vehicle was an electric vehicle;

20 -  **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1
Page 20 of 22**

f.      Entry by defendant R.A. Lewis of Mr. Kenny's vehicle;

g.      Failure by defendant R.A. Lewis to park his patrol vehicle in contact with the front bumper of Mr. Kenny's vehicle;

h.      Use of Taser against Mr. Kenny with knowledge or reason to know it would not result in neuromuscular incapacitation of Mr. Kenny;

i.      Use of Taser against Mr. Kenny with knowledge or reason to know that R.A. Lewis was inside the vehicle.

9.5     As a direct result of defendants' negligence, Patrick Kenny was shot dead.

9.6     The Estate and the parents of Patrick Kenny have been damaged in the following particulars and are entitled to recover non-economic and economic damages for the following harms and losses:

a.      Just, fair and reasonable compensation for the physical and mental pain, suffering and distress sustained by Patrick Kenny between the time defendants commenced their use of force and his death in an amount to be proved at trial.

b.      Just, fair and reasonable compensation for the pecuniary loss to the Estate in an amount to be proved at trial.

c.      Just, fair and reasonable compensation for pecuniary loss and the loss of the society, companionship and services of Patrick Kenny sustained by his parents in an amount to be determined fair by a jury not to exceed $10,000,000.00.

**WHEREFORE,** plaintiffs pray for judgment against defendants as follows:

1.      For compensatory noneconomic and economic damages.

**21 -  AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

**EXHIBIT 1**
**Page 21 of 22**

2.      For punitive damages.

3.      For plaintiffs' costs, interest, attorney fees and such other and further relief as the Court may deem just and equitable.

4.      Plaintiffs demand a jury trial for all matters triable of right to a jury.

DATED:      June __, 2020

_____
David D. Park, OSB #803358
ELLIOTT & PARK, P.C.
E-mail: dave@elliott-park.com
Brian J. Millington, OSB #064428
Thorp, Purdy, Jewett, Urness & Wilkinson, P.C.
E-mail: bmillington@thorp-purdy.com
      Attorneys for Plaintiffs

ELLIOTT & PARK, P.C.
Attorneys at Law
Abernethy House
0324 S.W. Abernethy Street
Portland, Oregon  97239-4356
(503) 227-1690
Fax: (503) 274-8384

EXHIBIT 1
Page 22 of 22